## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AMILCAR PEREZ SANCHEZ
c/o 519 H Street NW
Washington, DC 20001

      Plaintiff,

v.

LALIGURAS DC, LLC
d/b/a LALIGURAS INDIAN & NEPALI BISTRO
4221-B Connecticut Avenue NW
Washington, DC 20008

DAWA TAMANG, SR.
4417 Faroe Court
Rockville, MD 20853

PAWAN KHADKA
4417 Faroe Court
Rockville, MD 20853

      Defendants.

Civil Action No. _____

## COMPLAINT

1.    While Plaintiff worked at Defendants' restaurant as a kitchen laborer, Defendants paid him a flat monthly salary that denied him minimum and overtime wages. Moreover, Defendants did not pay Plaintiff for his last two months of work.

2.    Plaintiff brings this action against Laliguras DC, LLC; Dawa Tamang, Sr.; and Pawan Khadka ("Defendants") to recover damages for Defendants' willful failure to pay regular, minimum, and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

**Jurisdiction and Venue**

3.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**Parties**

5.      Plaintiff Amilcar Perez Sanchez is an adult resident of the District of Columbia.

6.      Defendant Laliguras DC, LLC is a District of Columbia corporate entity. It does business as Laliguras Indian & Nepali Bistro. Its principal place of business is located at 4221-B Connecticut Avenue NW, Washington, DC 20008. Its registered agent for service of process is Dawa Tamang, 4221-B Connecticut Avenue NW, Washington, DC 20008.

7.      Defendant Dawa Tamang, Sr. is an adult resident of Maryland. He resides at 4417 Faroe Court, Rockville, MD 20853. He is an owner and member of Defendant Laliguras DC, LLC. He exercises control over the operations of Laliguras DC, LLC — including its pay practices.

8.      Defendant Pawan Khadka is an adult resident of Maryland. He resides at 4417 Faroe Court, Rockville, MD 20853. He is an owner and member of Defendant Laliguras DC, LLC. He exercises control over the operations of Laliguras DC, LLC — including its pay practices.

**Factual Allegations**

9.      Defendants own and operate the restaurant known as Laliguras Indian & Nepali Bistro ("Laliguras"), located at 4221-B Connecticut Avenue NW, Washington, DC 20008.

10.     Plaintiff worked at Laliguras from approximately May 2014 through approximately July 20, 2020.

11.     Plaintiff worked at Laliguras as a kitchen laborer.

12.     Plaintiff's job duties at Laliguras primarily consisted of preparing meats, cutting vegetables, making dressings, cleaning his workstation, and occasionally washing dishes.

13.     Plaintiff typically and customarily worked six days per week.

14.     From approximately August 1, 2017 through approximately March 29, 2020, Plaintiff typically and customarily worked approximately fifty-four hours per week.

15.     Due to COVID-19, Laliguras was closed from approximately March 30, 2020 through approximately April 16, 2020.

16.     From approximately April 17, 2020 through approximately May 17, 2020, Plaintiff typically and customarily worked approximately forty-two hours per week.

17.     Starting on approximately May 18, 2020, Plaintiff returned to his pre-COVID work schedule, and again, he typically and customarily worked approximately fifty-four hours per week.

18.     At all relevant times, Defendants paid Plaintiff a monthly salary.

19.     Defendants paid Plaintiff approximately the following monthly salaries:

| Approximate Dates | Monthly Salary | Effective Hourly Rate |
|---|---|---|
| Aug. 01, 2017—Mar. 31, 2020 | $2,800.00 | $11.97 |
| Apr. 17, 2020—May 31, 2020 | $1,400.00 | $5.98—$7.69 |

20.     Defendants did not pay Plaintiff anything for his work performed from approximately June 1, 2020 through approximately July 20, 2020.

21.     At all relevant times, Defendants paid Plaintiff in cash.

22.     At all relevant times, Plaintiff typically and customarily worked more than forty hours per workweek for Defendants.

23.     At all relevant times, Defendants paid Plaintiff the same effective hourly rate across all hours worked.

24.     At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

25.     In addition to not paying overtime wages, Defendants did not always pay Plaintiff the applicable federal or D.C. minimum wage.

26.     Federal law requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

27.     D.C. law requires that employers pay non-exempt employees at least $12.50 per hour from July 1, 2017 through June 30, 2018, $13.25 per hour from July 1, 2018 through June 30, 2019, $14.00 per hour from July 1, 2019 through June 30, 2020, and $15.00 per hour from July 1, 2020 through the present. D.C. Code § 32-1003(a).

28.     For Plaintiff's work in the three years preceding the filing of this Complaint, Defendants owe him approximately $30,500.00 in regular, minimum, and overtime wages (excluding liquidated damages).

29.     Defendant Dawa Tamang, Sr. participated in the decision to hire Plaintiff.

30.     Defendant Pawan Khadka participated in the decision to hire Plaintiff.

31.     Defendants Dawa Tamang, Sr. and Pawan Khadka supervised Plaintiff.

32.     Defendant Dawa Tamang, Sr. fired Plaintiff.

33.     Defendant Dawa Tamang, Sr. set Plaintiff's work schedule.

34.     Defendant Dawa Tamang, Sr. set Plaintiff's hourly rate and manner of pay.

35.     Defendant Dawa Tamang, Sr. handed Plaintiff his cash pay.

36.     At all relevant times, Defendants had the power to hire and fire Plaintiff.

37.     At all relevant times, Defendants had the power to control Plaintiff's work schedule.

38.     At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

39.     At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

40.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular hourly rate for all hours worked in excess of forty hours in any one workweek.

41.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable minimum wage.

42.     At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

43.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

44.     At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

45.     At all relevant times, Defendants had employees who handled food products, such as rice, meat, and vegetables, that had been raised or grown outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

46.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

47.     Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

48.     The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

49.     The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

50.    The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

51.    Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

52.    Defendants' violations of the FLSA were willful.

53.    For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

54.    Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

55.    Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

56.    The DCMWA requires that employers pay non-exempt employees at least $12.50 per hour from July 1, 2017 through June 30, 2018, $13.25 per hour from July 1, 2018 through June 30, 2019, $14.00 per hour from July 1, 2019 through June 30, 2020, and $15.00 per hour from July 1, 2020 through the present. D.C. Code § 32-1003(a).

57.    The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

58.    Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff.

59.     Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one work-week.

60.     Defendants' violations of the DCMWA were willful.

61.     For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

**COUNT III**

**FAILURE TO PAY WAGES UNDER THE DCWPCL**

62.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

63.     Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

64.     The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

65.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

66.     For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

67.     Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including regular, minimum, and overtime wages.

68.     Defendants' violations of the DCWPCL were willful.

69.     For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. *See Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.").

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$125,465.20**, and grant the following relief:

a.     Award Plaintiff $122,000.00, consisting of the following overlapping elements:

  i.     unpaid minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

  ii.    unpaid minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

  iii.   unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.     Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c.     Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated

to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $3,065.20);

d.      Award Plaintiff court costs (currently, $400.00); and

e.      Award any additional relief the Court deems just.

Date: August 19, 2020                              Respectfully submitted,

                                                   /s/ Justin Zelikovitz
                                                   JUSTIN ZELIKOVITZ, #986001
                                                   DCWageLaw
                                                   519 H Street NW
                                                   Washington, DC 20001
                                                   Phone: (202) 803-6083
                                                   Fax: (202) 683-6102
                                                   justin@dcwagelaw.com

                                                   *Counsel for Plaintiff*